## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **TUAN ANH DUC NGUYEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:21cv00059** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNKNOWN,** | ) | **By:    Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |

_____

Tuan Anh Duc Nguyen, a Virginia inmate[1] proceeding *pro se*, filed this action in the United States District Court for the Eastern District of Virginia. Nguyen styled his pleading as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and attached an affidavit. (*See* ECF No. 1.) The Eastern District of Virginia filed Nguyen's motion as a civil action pursuant to 42 U.S.C. § 1983 and transferred the action to this court because Nguyen is currently incarcerated at Red Onion State Prison. (*See* ECF No. 3.)

In his initial filings, Nguyen states that during his incarceration over the past nearly sixteen years, he has "completed every program that [he] was given," he has "improved a[] lot since [his] crime," he has worked on [him]self," he has "maintained a very positive attitude," he has "own[ed] up to [his] part . . . in . . . [his] crime," he has "stayed away from drugs as much as possible," he has "kept [his] employment," his "institutional record shows how [he] has grown as [he has] gotten older," and he has "certificates to prove that [he is] capable of being a great citizen in the United States" or in "[his] country" if he returns there through

---

[1] Nguyen is currently serving a 42-year sentence for a murder conviction pursuant to a state court judgment.

immigration proceedings. He also states that his "aging mother" is in "[his] country" and she needs his help and that "all [his] support from [his] family is in [his] country." Nguyen asks the court to reduce his sentence so that he can be released from incarceration and "deported" back to "[his] country."

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Nguyen makes no such allegations in his pleading, and therefore it does not state a claim under § 1983.

Generally, when a state inmate is challenging the fact or duration of his confinement, his claims should be considered as a petition for writ of habeas corpus under 28 U.S.C. § 2254. However, a federal court may grant "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254. In other words, relief is available under § 2254 only if the prisoner is in custody pursuant to a state judgment that is invalid under the Constitution, laws, or treaties of the United States. Inasmuch as Nguyen's pleading does not challenge the validity of the state court judgment, his claim is also not cognizable under § 2254.

Finally, to the extent Nguyen seeks relief under 18 U.S.C. § 3582(c)(2), his claim still fails. Section 3582(c)(2) is a federal criminal statute and does not apply to a state prisoner sentenced under state law. *Ansel v. Cooper*, No. 3:10cv548, 2012 U.S. Dist. LEXIS 117624, at *8, 2012 WL 3619266, at *3 (W.D.N.C. Aug. 21, 2012)

Based on the forgoing, the court concludes that it does not have jurisdiction over Nguyen's request for a sentence reduction and, therefore, will dismiss this action without prejudice.[2]

**ENTERED** this 1st day of February, 2021.

_/s/ Thomas T. Cullen_
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that this dismissal is without prejudice to Nguyen's opportunity to pursue his requested relief in the state court where he was convicted.